# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 74 C 3268 & 75 C 3295 | **DATE** | 9/19/2000 |
| **CASE TITLE** | ALLIANCE TO END REPRESSION, et al vs. CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The *Alliance* Plaintiffs' Motion for Reconsideration of Attorney's Fees Request Against FBI is granted. The *Alliance* Plaintiffs' Attorney's Fees Motion for Monitoring Compliance With FBI Consent Decree is granted. Plaintiffs are to submit a breakdown of reasonable and necessary monitoring fees by October 6, 2000, and any objections by the FBI to the amounts claimed are due by October 20. The original Memorandum Opinion and Order is filed in Case No. 74 C 3268.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 21 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | ED-7 FILED FOR DOCKETING 00 SEP 20 PM 3:50 | docketing deputy initials | 3293 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIANCE TO END REPRESSION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Nos. 74 C 3268 |
| | ) | 75 C 3295 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

DOCKETED SEP 21 2000

SEP 21 2000

## MEMORANDUM OPINION AND ORDER

The *Alliance* plaintiffs ask the court to reconsider their entitlement to attorney's fees under 42 U.S.C. § 1988 and 28 U.S.C. § 2412, as amended by the Equal Access to Justice Act, Pub. L. 96-481, 94 Stat. 2325 (1980). In its May 25, 2000 decision denying plaintiffs' request for attorney's fees against the FBI, the court relied on Judge Getzendanner's 1985 ruling that the underlying consent decree litigation was no longer pending as of the EAJA's effective date. (Op. at 5-6) (relying on *Alliance to End Repression v. City of Chicago*, Nos. 74 C 3268, 75 C 3295, 76 C 1982, 1985 WL 3300, at *6 (N.D. Ill. Oct. 24, 1985)). Because the case was not pending, the EAJA did not apply, and plaintiffs' "prevailing party" status in securing the consent decree did not entitle them to attorney's fees for the post-judgment work for which they now seek compensation.

In their motion for reconsideration, plaintiffs take issue with the factual premise extracted by this court from Judge Getzendanner's ruling. Judge Getzendanner found that, despite the fact

3293

that the statutory time period had not expired when the EAJA took effect, the case was no longer pending, reasoning that neither party had standing to appeal because the judgment was by consent decree. Plaintiffs now point out that, while the consenting plaintiffs and the federal defendants had no standing to appeal, a large group of objecting class members did have standing to appeal. Because the time for appeal did not run out until November 1, 1981, and the EAJA took effect on October 1, 1981, plaintiffs insist that the case is governed by the EAJA. The court agrees.

To the extent that Judge Getzendanner's ruling was based on the parties' lack of standing to appeal, it appears to have been based on a misapprehension of the underlying facts. Because this court relied directly on Judge Getzendanner's reasoning, the court's denial of plaintiffs' fee request suffers from the same deficiency. Based on the documentation submitted with plaintiffs' motion for reconsideration – along with the FBI's failure to dispute plaintiffs' characterization of the relevant facts – it appears that the consent decree was subject to appeal as of the EAJA's effective date. The consent decree litigation was still pending at that time, and accordingly is governed by the EAJA's provisions.

The FBI raises several objections to the court's reconsideration of its May 25 decision. First, the FBI argues that plaintiffs seek an advisory opinion because "even were the Court now to conclude that Judge Getzendanner erred in deciding that the EAJA did not apply to the underlying litigation, still it would be bound by the earlier decision that treating the *Alliance* plaintiffs as 'prevailing parties' in the underlying litigation 'would significantly alter the terms of the settlement and would be unjust within the meaning of both [42 U.S.C.] § 1988 and the

EAJA.'" (Resp. at 4-5) (quoting 1985 WL 3300, at *10) Even assuming that the FBI's characterization of Judge Getzendanner's opinion is accurate, the fact that her ruling was based on alternative grounds is irrelevant to whether plaintiffs' motion for reconsideration seeks an advisory opinion. This court's denial of plaintiffs' fee request was based on the inapplicability of the EAJA to the underlying consent decree litigation, not on the alternative ground relied on by Judge Getzendanner. Because the motion for reconsideration challenges the validity of the ruling's factual basis, it sufficiently challenges the ruling itself. Granting the motion for reconsideration would have a practical effect on the fee dispute because it would overturn the basis for the court's previous denial of the fee request, regardless of whether the court subsequently denies the request on some other ground.

Second, the FBI argues that the motion for reconsideration should be denied because it is a collateral attack on Judge Getzendanner's final judgment denying them attorney's fees. Because plaintiffs did not appeal her 1985 ruling, the FBI contends that they may not do now through their motion for reconsideration in this matter. The court rejects this reasoning. Plaintiffs' motion is an attack on this court's May 25 ruling, not Judge Getzendanner's 1985 ruling. While plaintiffs challenge a factual premise that was common to both rulings – *i.e.*, that the underlying consent decree litigation was not pending as of the EAJA's effective date – that does not preclude plaintiffs from challenging one ruling without challenging the other. As the FBI points out, Judge Getzendanner's ruling was not based solely on the EAJA's inapplicability; even if she erred in that respect, the ruling itself would not be invalidated.

Third, the FBI invokes the law of the case doctrine, arguing that plaintiffs "point to no

3

new evidence, no change in the law, and admit that they considered appealing the decision in 1985, but determined not to take an appeal." (Resp. at 9) Under these circumstances, the FBI argues that "even if the plaintiffs had presented a substantial basis for revisiting Judge Getzendanner's decision, that ground is waived." (*Id.*)

The law of the case doctrine does not block plaintiffs' motion for reconsideration under these circumstances. "As a general principle of judicial decision-making, the doctrine of the law of the case establishes a presumption that a ruling made at one stage of the proceedings will be adhered to throughout the suit." *Alston v. King*, 157 F.3d 1113, 1116 (7th Cir. 1998). The doctrine "is no more than a presumption, one whose strength varies with the circumstances; it is not a straightjacket." *Id.* (quoting *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995)). It is well-recognized that the doctrine will not stand as an obstacle to the correction of clear error. *See Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991) (recognizing exception to law of the case where previous decision "was clearly erroneous"). The court finds that, in light of the objecting class members' rights of appeal, it was clear error to conclude that no appeal was possible for purposes of determining whether the case was pending when the EAJA took effect, and that denying plaintiffs' attorney's fees on that ground "would work a manifest injustice." *Agostini v. Felton*, 521 U.S. 203, 236 (1997).

The court grants plaintiffs' motion for reconsideration because the factual premise underlying the court's previous denial of plaintiffs' fee request was inaccurate. Given that the judgment in the underlying consent decree litigation was subject to appeal as of the EAJA's effective date, the EAJA governs the litigation. Because the *Alliance* plaintiffs' entitlement to

4

fees is based on their "prevailing party" status in that litigation, they may be entitled to fees for their post-judgment work. While the court rejected several of the FBI's challenges to plaintiffs' fee entitlement in its May 25 ruling, the court now turns to those left unaddressed.

As explained in the previous ruling, plaintiffs base their fee request on the interplay of the EAJA and 42 U.S.C. § 1988. Through 28 U.S.C. § 2412, as amended by the EAJA, the United States has partially waived its sovereign immunity. The section under which plaintiffs are proceeding allows for a fee award to the prevailing party "in any civil action brought by or against the United States," and provides that "[t]he United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). Thus, if plaintiffs are otherwise entitled to attorney's fees under § 1988, the EAJA allows them, at least in theory, to recover such fees from the FBI.

Section 1988 provides that in an action to enforce various statutory provisions, including § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. § 1988(b). The FBI argues that "fees are available under § 1988 only if a plaintiff prevails on his claim under one of the predicate sections – 42 U.S.C. §§ 1981-1985" (Resp. at 10), and that plaintiffs did not do so because they failed to establish a violation of one of the predicate sections. While plaintiffs alleged a conspiracy between the FBI and City of Chicago, the FBI contends that they "did not prevail on any claim of a conspiracy to employ State or local authority; the Agreement does not discuss or limit in any way the FBI's activities in cooperation with the Chicago Police Department." (*Id.*)

5

The fact that the consent decree does not specifically address the factual premise of the underlying § 1983 claim does not mean that plaintiffs did not prevail on that claim. The complaint that gave rise to the consent decree alleged that federal officials acted in conspiracy with state officials under the color of state law. In denying the federal defendants' motion to dismiss, the court held that such an allegation stated a claim under § 1983. *See American Civil Liberties Union v. City of Chicago*, 431 F. Supp. 25, 31 (N.D. Ill 1976).

The Supreme Court has recognized that a plaintiff may be considered a "prevailing party" for purposes of fee recovery under § 1988 "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A plaintiff can "meet this test without having received a final judgment in its favor." *Environmental Defense Fund, Inc. v. Environmental Protection Agency*, 716 F.2d 915, 919 (D.C. Cir. 1983). As the Supreme Court has explained:

> The fact that respondent prevailed through a settlement rather than through litigation does not weaken her claim to fees. Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated. Moreover, the Senate Report expressly stated that "for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief."

*Maher v. Gagne*, 448 U.S. 122, 129 (1980) (quoting S. Rep. No. 94-1011, p. 5 (1976), U.S. Code Cong. & Admin. News 1976, pp. 5908, 5912).

Plaintiffs clearly succeeded in obtaining benefit through the underlying litigation, as the consent decree's provisions "substantially accomplish the central purposes of these class actions against the FBI and Justice Department defendants, in that they articulate legally enforceable

6

prohibitions on FBI investigations and investigative techniques." *Alliance to End Repression v. City of Chicago*, 91 F.R.D. 182, 197 (N.D. Ill. 1981). These prohibitions govern all FBI investigations in Chicago – whether undertaken by the FBI alone or in conjunction with city or state officials. The fact that the decree does not carve out a separate regulatory scheme addressing cooperative actions between the FBI and city or state officials does not mean that plaintiffs' § 1983 claims can be disregarded for purposes of fee recovery. The court finds that, by virtue of the consent decree, the *Alliance* plaintiffs are "prevailing parties" under § 1988 and the EAJA.

The Seventh Circuit's analysis in *Saxner v. Benson*, 727 F.2d 669 (7th Cir. 1984), *aff'd sub nom. Cleavinger v. Saxner*, 474 U.S. 193 (1985), does not preclude plaintiffs' fee recovery. The *Saxner* court simply recognized that where a plaintiff seeks attorney's fees under § 1988 and the EAJA for prevailing on a § 1983 claim, the court may not overlook § 1983's "acting under color of state law" requirement. *Id.* at 673. The plaintiffs had urged that "attorneys' fees should be allowed under color of federal as well as state law" – a proposition which the court sensibly rejected. *Id.* As noted above, plaintiffs' complaint alleged that the federal defendants – in conspiracy with state officials – acted under color of state law.

The fact that plaintiffs seek their fees for post-judgment work, rather than the work on which they prevailed in the first place, also is not an obstacle to recovery. As the Supreme Court has recognized, under § 1988, "post-judgment monitoring of a consent decree is a compensable activity for which counsel is entitled to a reasonable fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986).

7

In this regard, Judge Getzendanner's 1985 rejection of plaintiffs' fee request under the FBI consent decree has limited relevance to their current fee request. As explained above, the first ground on which Judge Getzendanner's ruling was based – that the consent decree litigation was not pending when the EAJA took effect – was erroneous. As for the second ground, Judge Getzendanner's finding that "the government in settling reasonably understood the plaintiffs to be giving up their claims for fees," 1985 WL 3300, at *9, does not suggest that plaintiffs waived their rights to fees for post-judgment monitoring. *See Eirhart v. Libbey-Owens-Ford Co.*, 996 F.2d 846, 849-50 (7th Cir. 1993) (holding that letter agreement waived existing attorney's fees obligations, but if it "was meant to release future attorneys' fees it should have included unequivocal language to that effect").

The FBI's attempt to limit post-judgment monitoring to a five-year period also fails. The provision relied on by the FBI simply provides that plaintiffs would be entitled to inspect certain reports for a period of five years after the consent decree is entered. (Consent Decree § 5.3) The provision does not establish any sort of a cut-off for plaintiffs' monitoring activities.

That said, the court will not treat plaintiffs' entitlement to reasonable and necessary monitoring fees as a mandate for blanket reimbursement of all fees that are somehow related to the consent decree. At the same time, plaintiffs' right to fees is not restricted to enforcement petitions on which they are successful. Because the parties have not addressed the reasonableness and necessity of the fees sought by plaintiffs, the court cannot determine the proper award without further briefing. The court cautions plaintiffs not to request fees for work that is duplicative of work done by the ACLU, nor for monitoring the ACLU's work in the Arab-

American enforcement proceeding. The court does not believe that reasonable and necessary monitoring includes such work.

## Conclusion

For the above reasons, the *Alliance* plaintiffs' motion for reconsideration is granted. The *Alliance* Plaintiffs' Attorney's Fees Motion for Monitoring Compliance With FBI Consent Decree is granted. Plaintiffs are to submit a breakdown of reasonable and necessary monitoring fees by October 6, 2000, and any objections by the FBI to the amounts claimed are due by October 20, 2000.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: September 19, 2000